UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

ANTONIO MCKINNEY,

Plaintiff,

v.

TROOPER WING, individually and in his official capacity;

TROOPER HINK, individually and in his official capacity;

LEWISTON POLICE DEPARTMENT, a municipal law enforcement agency;

Defendants.

Civil Action No.: _____

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

JURY TRIAL DEMANDED

## INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United

States Constitution. Plaintiff seeks compensatory and punitive damages for multiple incidents of unlawful and egregious conduct by the Defendants, including an illegal roadside strip search, physical assault, intimidation, and refusal to comply with court orders regarding a case that was dismissed for constitutional violations.

## I. JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the State of Maine.

## II. PARTIES

3. Plaintiff, ANTONIO MCKINNEY, is a citizen of the United States and resident of Maine.

4. Defendant Trooper Wing is employed by the Maine State Police and was acting under color of state law at all relevant times.

5. Defendant Trooper Hink is employed by the Maine State Police and was acting under color of state law at all relevant times.

6. Defendant Lewiston Police Department is a municipal law enforcement agency and political subdivision of the City of Lewiston, Maine, acting under the color of state law.

Case 2:25-cv-00355-SDN   Document 1   Filed 07/11/25   Page 4 of 14   PageID #: 4

## 7. III. FACTUAL ALLEGATIONS

### A. Incident 1 –

### October 5, 2020: Strip Search on Public Highway

7. On or about October 5, 2020, Plaintiff was stopped by Trooper Wing and Trooper Hink.

8. Without a warrant or lawful justification, Plaintiff was subjected to a public strip search on the side of the highway, exposing his body in public view.

9. This act was unreasonable and unconstitutional under the Fourth Amendment, and was carried out without exigent circumstances or probable cause.

10. Courts have consistently held such conduct to violate the Fourth Amendment. See, e.g., Safford Unified School Dist. No. 1 v. Redding, 557 U.S. 364, 374 (2009) ("The indignity of the search does not outbalance the minimal threat posed."); Illinois v. Lafayette, 462 U.S. 640 (1983); Mary Beth G. v. City of Chicago, 723 F.2d 1263, 1273 (7th Cir. 1983) ("Strip searches must be based on individualized reasonable suspicion.").

11. The criminal case stemming from this stop was dismissed by the court for Fourth Amendment violations.

### B. Incident 2 –

### March 29, 2023: Harassment and Bodily Harm

12. On or about March 29, 2023, Plaintiff was harassed, threatened, and physically assaulted by officers of the Lewiston Police Department.

Case 2:25-cv-00355-SDN   Document 1   Filed 07/11/25   Page 6 of 14   PageID #: 6

13. Plaintiff suffered bodily injuries and emotional trauma. The force used was excessive and unjustified.

14. Excessive force by law enforcement is prohibited under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989); Tennessee v. Garner, 471 U.S. 1 (1985).

15. The actions of the Lewiston Police were objectively unreasonable under the circumstances.

## C. Incident 3 –

## July 5, 2025: Harassment, Retaliation, and Refusal to Follow Court Orders

16. On or about July 5, 2025, Plaintiff was confronted by officers of the Lewiston Police Department with intimidating and harassing behavior, treating Plaintiff as though the previously dismissed 2020 case was still active.

17. Officers showed a dismissive and retaliatory attitude, and refused to remove the dismissed case from their system or comply with the court's dismissal order.

18. Such continued treatment constitutes retaliation and violation of due process, in violation of Plaintiff's rights under the Fourteenth Amendment and 42 U.S.C. § 1983. See Valdez v. City & Cnty. of Denver, 878 F.2d 1285, 1289 (10th Cir. 1989) ("Retaining false criminal charges on a record after dismissal may constitute a due process violation.").

19. This conduct was intentional, willful, and malicious, aimed at interfering with Plaintiff's liberty and reputation.

## IV. CAUSES OF ACTION

### COUNT I:

**Fourth Amendment Violation – Unlawful Search (42 U.S.C. § 1983)**

(Against Trooper Wing and Trooper Hink)

20. Plaintiff incorporates all prior allegations.
21. The roadside strip search was conducted without warrant, probable cause, or legal justification, in violation of clearly established Fourth Amendment law.

### COUNT II:

**Fourth Amendment Violation – Excessive Force (42 U.S.C. § 1983)**

(Against Lewiston Police Department Officers)

22. Plaintiff was subjected to excessive and unreasonable force during the March 29, 2023 incident, violating his constitutional rights under the Fourth Amendment.

### COUNT III:

**Fourteenth Amendment Violation – Retaliation and Due Process (42 U.S.C. § 1983)**

(Against Lewiston Police Department)

Case 2:25-cv-00355-SDN   Document 1   Filed 07/11/25   Page 10 of 14   PageID #: 10

23. Defendants' refusal to comply with the court's dismissal and continued harassment of Plaintiff constitute violations of procedural due process and retaliation for exercising constitutional rights.

## V. DAMAGES

24. As a result of the Defendants' conduct, Plaintiff suffered:

- Emotional distress
- Physical injury
- Humiliation and embarrassment
- Ongoing fear and intimidation
- Loss of liberty and civil dignity

25. Plaintiff seeks compensatory damages of $500,000 per incident:

- October 5, 2020
- March 29, 2023
- July 5, 2025

Total Compensatory: $1,500,000

Case 2:25-cv-00355-SDN   Document 1   Filed 07/11/25   Page 12 of 14   PageID #: 12

26. Plaintiff also seeks punitive damages of $1,000,000 per incident due to the willful, reckless, and malicious nature of Defendants' actions.

27. Total Punitive: $3,000,000

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against all Defendants, jointly and severally, as follows:

A. Compensatory damages of $1,500,000;

B. Punitive damages of $3,000,000;

C. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

D. Pre-judgment and post-judgment interest;

E. Any further relief this Court deems just and proper.

Respectfully submitted,

Antonio McKinney

*/s/ Antonio McKinney*

26. Plaintiff also seeks punitive damages of $1,000,000 per incident due to the willful, reckless, and malicious nature of Defendants' actions.

27. Total Punitive: $3,000,000

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against all Defendants, jointly and severally, as follows:

A. Compensatory damages of $1,500,000;

B. Punitive damages of $3,000,000;

C. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

D. Pre-judgment and post-judgment interest;

E. Any further relief this Court deems just and proper.

Respectfully submitted,

Antonio McKinney

*/s/ Antonio McKinney*