UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ANTONIO MCKINNEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TROOPER WING, et al., )<br>)<br>Defendants. ) | 2:25-cv-00355-SDN |

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Antonio McKinney sued two Maine State Police officers and the Lewiston, Maine, Police Department for allegedly violating his constitutional rights during a roadside traffic stop where the officers strip searched him. ECF No. 1. On July 17, 2025, Mr. McKinney filed a motion for a temporary restraining order ("TRO") and a motion for a preliminary injunction, seeking an injunction barring the Lewiston Police Department and its officers from "[m]aking any physical or investigative contact with Plaintiff," "[d]etaining or attempting to detain Plaintiff without a valid court-issued warrant," or "[h]arassing, surveilling, or retaliating against Plaintiff in any form during the pendency of this action." ECF No. 7 at 3–4. On August 5, 2025, I issued an order denying Mr. McKinney's motions. ECF No. 22 ("the Order"). On August 8, 2025, Mr. McKinney filed a self-described "motion to strike" the Order, which the Court construes as a timely motion for reconsideration. ECF No. 24. The Lewiston Police Department filed a response in opposition on August 22, 2025. ECF No. 27. For the reasons that follow, I deny Mr. McKinney's motion for reconsideration.

## DISCUSSION

This Order incorporates by reference the factual background as detailed in my Order denying Mr. McKinney's motion for a TRO. *See* ECF No. 22 at 1–3.

District of Maine Local Rule 7(f) allows a party to move to reconsider an interlocutory order if they can "demonstrate that the order was based on a manifest error of fact or law." D. Me. Local R. 7(f)(1). In his motion, Mr. McKinney asserts that the Order constitutes "judicial overreach" and "legal error." ECF No. 24 at 1. The Court thus presumes that Mr. McKinney is seeking reconsideration on the ground that my previous decision was legally erroneous.

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *U.S. ex rel. Ge v. Takeda Pharm. Co.*, 737 F.3d 116, 127 (1st Cir. 2013) (quotation modified). To prevail on such a motion, "a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014). The throughline of Mr. McKinney's current motion is analogous to that in his original motion for a TRO: He seeks a finding by this Court that he has been subject to repeated misconduct by the Lewiston Police Department and hence they should be prohibited from further interaction with him. *See* ECF No. 24 at 3–4. But, as I have previously explained, to succeed in a claim for prospective injunctive relief, the plaintiff must demonstrate a likelihood of being wronged again "in a similar way." *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). "Here, Mr. McKinney does not demonstrate he is likely to be illegally searched or detained by Lewiston Police officers in the future. Nor does Mr. McKinney show any defendants are likely to use his state court drug charge and related records in an unlawful

2

manner in the future." ECF No. 22 at 5. Mr. McKinney's current "challenge renewed and elaborated upon the same explanation . . . that [the movant] had advanced in its underlying motion." *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 45 (1st Cir. 2020). Thus, he has not sufficiently shown that the Court has committed a manifest error of law or fact in assessing the original merits of the TRO.[1]

Mr. McKinney raises other miscellaneous claims as to why the Court should reconsider its original Order, none of which have merit. First, he contends he was denied his right to due process because the motion was decided without oral argument. *See* ECF No. 24 at 4. District of Maine Local Rule 7(e) states unequivocally that "all motions may be decided by the Court *without* oral argument." D. Me. Local R. 7(e) (emphasis added).

Second, Mr. McKinney urges the Court to find that the factual allegations in his complaint should be deemed admitted because the Defendants have not answered. *See* ECF No. 24 at 3. However, the Defendants have not been served in this matter, and thus responsive pleadings are not yet required. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer: within 21 days after being served with the summons or complaint . . . .").

Finally, Mr. McKinney appears to request a change in venue due to a perception of judicial bias. *See* ECF No. 24 at 5 ("Assign all further review to a neutral magistrate or judge not associated with the current denial . . . ."). 28 U.S.C. § 1404(a), which governs transfers of venue, provides that "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. 1404(a). "The

---

[1] Although Mr. McKinney attaches an affidavit to his motion for reconsideration, ECF No. 24-1, it does not appear to allege any new facts or evidence.

3

burden of proving the propriety of a transfer lies with the party seeking it." *Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208, 212 (D. Me. 2011). Mr. McKinney cannot demonstrate that this case should have been brought in another district. Nor has he advanced any evidence of judicial bias. "[T]he mere fact of an adverse ruling . . . does not—standing alone—create an inference of lack of partiality." *United States v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988).

## CONCLUSION

For the foregoing reasons, Mr. McKinney's motion for reconsideration of my August 5, 2025, Order denying his motion for a temporary restraining order is **DENIED**. ECF No. 24.

**SO ORDERED.**

Dated this 31st day of October, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

4