UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ANTONIO MCKINNEY,      )
          )
       Plaintiff     )
          )
     v.      )     2:25-cv-00355-SDN
          )
TROOPER WING, et al.,     )
          )
      Defendants    )

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff asserts multiple law enforcement officers and agencies violated his constitutional rights. (Complaint, ECF No. 1.)  With his complaint, Plaintiff filed an application to proceed without prepayment of fees, (Application, ECF No. 3), which application the Court granted. (Order, ECF No. 5.)  In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss all but one alleged claim.

**LEGAL STANDARD**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under §

1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## FACTUAL ALLEGATIONS[1]

In October 2020, Defendant Wing, a state trooper, stopped a vehicle in which Plaintiff was a passenger. After stopping the vehicle, Defendant Wing detained the occupants until Defendant Hink, a canine handler with the state police, arrived. Plaintiff

---

[1] The summary of the allegations is drawn from Plaintiff's original pleading, two amendments or supplements to his complaint, the attachments to his pleadings—including a copy of a state court order granting a motion to suppress evidence which contained factual findings about one of the incidents—and filings seeking temporary injunctive relief.

alleges that he was stopped and subjected to a strip search in public view on the side of the highway, without warrant or lawful justification. In April 2021, Plaintiff was charged in state court with aggravated trafficking in scheduled drugs and unlawful possession of scheduled drugs. In January 2023, the state court granted a motion to suppress evidence based on the conclusion that aspects of the stop and detention for a canine search were unreasonable. The criminal charges were subsequently dismissed.

In March 2023, a Lewiston Police Department officer stopped Plaintiff and ultimately arrested him. Plaintiff alleges that the stated basis for the stop was outdated or based on invalid information related to the prior dismissed case following the October 2020 arrest. Plaintiff alleges he suffered a physical injury in the encounter. Officers from the Lewiston Police Department also confronted Plaintiff in July 2025 and treated him as though the prior case had not been dismissed. According to Plaintiff, the officers did not remove the records of the prior incident from their record system. Plaintiff alleges that he was injured during the encounter. A medical record reflects that Plaintiff was diagnosed with a sprained wrist and an x-ray did not show any fractures.

## DISCUSSION

In Plaintiff's multiple filings in this case, he listed as defendants ten named individuals and five unnamed placeholder individuals. Because "various liability is inapplicable" in a federal civil rights lawsuit, a government official is "only liable for his or her own misconduct," and "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009). Given that Plaintiff only described the

3

conduct of three individuals (Defendant Wing, Defendant Hink, and an unnamed internal affairs investigator) in the complaint, he has not stated an actionable claim against any of the other individuals named as defendants.

Plaintiff also seeks to recover from a city and its police department.[2] "[M]unicipalities can be liable for constitutional violations only if the violation occurs pursuant to an official policy or custom" and cannot be held vicariously liable for the conduct of their employees. *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691 (1978)). Plaintiff has failed to state a municipal liability claim because he did not plausibly allege that the officers' alleged conduct was the product of policy or custom. Plaintiff, therefore, has not alleged an actionable claim against the City of Lewiston or its police department.

Plaintiff's filings could be construed as an attempt to assert Fourth Amendment search and seizure claims based on the encounters with police in October 2020, March 2023, and July 2025. The Fourth Amendment prohibits unreasonable searches and seizures and provides that no warrant shall issue except on a showing of "probable cause, supported by oath or affirmation." U.S. Const. amend. IV. For a search or seizure of a person or a person's home to be reasonable, "a warrant must generally be secured," but "the warrant

---

[2] Plaintiff named the Lewiston Police Department as a defendant. The Lewiston Police Department is "not a suable entity." *Dwan v. City of Boston*, 329 F.3d 275, 278 n.1 (1st Cir. 2003). As a department of the City of Lewiston, the police department does not have a legal identity separate from the city. *See, e.g., Johnson v. City of Biddeford*, No. 2:17-cv-00264-JDL, 2018 WL 1173428, at * n.1 (the Biddeford Police Department "is not a legal entity separate from the City of Biddeford"); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1132 (S.D. Fla. 1990) (dismissing suit against a police department because, as an integral part of the city, it lacked a legal identity apart from the city). Plaintiff's claim against the department, therefore, is considered a claim against the city.

requirement is subject to certain reasonable exceptions." *Kentucky v. King*, 563 U.S. 452, 459 (2011).

When considering the findings and description of the facts within the state court order, Plaintiff's allegations are sufficient at this stage of the proceeding for Plaintiff to proceed against Defendants Wing and Hink based on the events that occurred in October 2020. Plaintiff's complaint, however, consists of conclusory allegations and labels regarding the circumstances during or leading to the stops and arrests in March 2023 and July 2025. At most, Plaintiff's filings could be construed to assert that officers did not obtain a warrant before they either stopped him or arrested him or both. A mere allegation of a search or arrest without a warrant, without any facts to support the allegation and to demonstrate that a warrant was required, is insufficient to assert an actionable claim. *See Morozko v. Shoshone County*, No. 1:19-CV-00512-BLW, 2020 WL 1535132, at *6 (D. Idaho Mar. 31, 2020) ("merely alleging that a search or arrest was made without probable cause does not suffice to state a plausible Fourth Amendment claim. Further, because there are exceptions to the warrant requirement, a plaintiff must allege more than simply a warrantless search or arrest"); *Cannon v. Wood*, No. 9:10-CV-1332 GTS/RFT, 2011 WL 7071100, at *7 (N.D.N.Y. Aug. 12, 2011) (recommending dismissal when a complaint "states in conclusory fashion that [the plaintiff] was subjected to an illegal search" and was "devoid of any factual allegations" about the search).

Plaintiff alleges that he was assaulted and injured during the encounters in March 2023 and July 2025. Relevant factors for a Fourth Amendment excessive force claim include "the severity of the crime at issue, whether the suspect poses an immediate threat

to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 388 (1989). The use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," and the test is an objective one, to be assessed "without regard to [the officer's] underlying intent or motivation." *Id.* at 396–97. Plaintiff has alleged no facts regarding the circumstances leading to or during the encounters. Plaintiff, therefore, has failed to allege facts from which one could conclude that the law enforcement officials acted unreasonably. The allegation of a sprained wrist or some other unspecified injury, without more, is insufficient to state a plausible claim of entitlement to relief. *See Westry v. City of Waterbury*, No. 3:22CV686 (MPS), 2023 WL 3259878, at *4 (D. Conn. May 4, 2023) (dismissing because the plaintiff "simply asserts that [the defendant] used excessive force and that [the] plaintiff was injured").

Plaintiff's other discernible claims similarly fail because they are based on conclusory allegations and lack any alleged factual support. For example, Plaintiff contends that that he experienced retaliation and harassment because he contacted Internal Affairs. To state a First Amendment retaliation claim, the plaintiff "must show that [the plaintiff] engaged in protected activity, that defendants took an adverse action against [the plaintiff] that would deter a [person] of ordinary firmness from continuing to engage in that conduct, and that there is a causal link between the protected activity and the adverse action." *Turner v. Wall*, No. 18-1869, 2020 WL 5543935, at *1 (1st Cir. May 5, 2020).

Even if one or more of the stops or arrests would qualify as adverse action, the allegations would not support a finding of causation or retaliatory motive. Plaintiff's

limited allegations regarding the substance of his complaints do not support a permissible inference of motive or causation. Furthermore, the complaints occurred after the last incident described in his filings, effectively eliminating any possibility of causation. Without more, "the Complaint does not 'support a fact-based inference' that the . . . Defendants' actions were anything other than routine actions undertaken by [government] officials in the exercise of their responsibilities." *Powell v. City of Pittsfield*, No. CV 18-30146-MGM, 2020 WL 7700123, at \*10 (D. Mass. June 29, 2020) (assuming adverse consequences followed protected speech but finding insufficient support to infer retaliatory motive) (quoting *Campagna v. Massachusetts Department of Environmental Protection*, 334 F.3d 150, 155 (1st Cir. 2003 and citing *Air Sunshine, Inc. v. Carl*, 663 F.3d 27, 36 (1st Cir. 2011)).

## CONCLUSION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, for the reasons state above, I recommend the Court dismiss Plaintiff's claims except for the Fourth Amendment claim against Defendants Wing and Hink based on the alleged incidents of October 2020.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of November, 2025.